IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBBIN BENDER and SANDRA BENDER, | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil Action No. 15-6936 (JBS/JS) |
| v. | |
| JOHN W. HARGRAVE, APPOINTED TRUSTEE and MARTHA HILDEBRANDT, ASSISTANT U.S. TRUSTEE, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

Plaintiffs Robbin Bender and Sandra Bender are dissatisfied with the actions taken regarding the bankruptcy petition of their late sister, Lydia J. Bender, which was pending in the United States Bankruptcy Court for the District of New Jersey in 2011. Plaintiffs filed suit in the Superior Court of New Jersey against an employee of the U.S. Trustee's Office (Assistant U.S. Trustee Martha Hildebrandt) and the court-appointed Chapter 7 Trustee (John W. Hargrave). The United States Attorney, on behalf of Defendant Hildebrandt, timely removed the case to this Court, and the Court must address the issue of sovereign immunity under the Federal Tort Claims Act with respect to Hildebrandt, and trustee's immunity under the Barton doctrine (Barton v. Barbour, 140 U.S. 126 (1881) and its progeny), with respect to Hargrave.

We first address the motion of Defendant, the United States of America, to dismiss [Docket Item 3] the Complaint of Plaintiffs Robbin and Sandra Bender's against Martha Hildebrandt, an employee of the U.S. Department of Justice at the Office of the United States Trustee, for lack of subject matter jurisdiction. Because Plaintiffs have not exhausted their administrative remedies pursuant to the Federal Tort Claims Act ("FTCA"), the Court will grant the Government's motion. Because the Court lacks jurisdiction over Plaintiffs' remaining claims against John W. Hargrave, who was the court-appointed Chapter 7 trustee, the Court will refer the remainder of the case to the United States Bankruptcy Court for the District of New Jersey which appointed Mr. Hargrave as Trustee on June 17, 2011. The Court finds as follows:

1.   This lawsuit arises from Chapter 7 bankruptcy proceedings filed in 2011 on behalf of Lydia J. Bender, the Plaintiffs' deceased sister, in the United States Bankruptcy Court for the District of New Jersey, In re: Lydia J. Bender, Bankr. No. 11-28437-JWH (D.N.J. Bankr.). Plaintiffs filed suit in the Superior Court of New Jersey, Camden County, Law Division, against Martha Hildebrandt, an employee of the U.S. Department of Justice at the office of the United States Trustee, and John W. Hargrave, a private attorney who was appointed as the Trustee of the Chapter 7 Bankruptcy estate of

2

Ms. Bender. [Docket Item 1.] Plaintiffs allege that Defendants committed "legal malpractice," negligence causing the death of Ms. Bender, and "professional malpractice" during the course of the bankruptcy proceedings. [Id. at Ex. 1.] Because Hildebrandt was working within the scope of her employment at the time of her allegedly tortious conduct, the Government timely removed the case to the District of New Jersey pursuant to 28 U.S.C. § 2679(d)(2) and 28 U.S.C. § 1441(a). [Id.]

 2. The Government now moves to dismiss all claims against Hildebrandt pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. [Docket Item 3.] Hargrave submitted a limited objection to the Government's motion, seeking to send Plaintiffs' claims against him to the Bankruptcy Court instead of remanding to the state court. [Docket Item 4.] Plaintiffs filed opposition. [Docket Items 11, 12, 16.][1] The Government filed a reply. [Docket Item 13.]

---

[1] Docket Items 11 and 12 are identical but for the order of exhibits attached the Plaintiffs' motion. Docket Item 16 is styled as an "Amended Complaint in accordance with Fed. R. Civ. P. 15(a)(2)," but is rather an argumentative supplemental brief opposing the Government's motion to dismiss. Because Plaintiffs have failed to properly move for leave to amend their complaint, the Court will decide this motion on the basis of the pleadings received as of its November 2 letter to Plaintiffs [Docket Item 15] instructing Plaintiffs how to properly amend their complaint. Even if the Court were to consider Docket Item 16 an Amended Complaint submitting an SF-95 for the Government's review, Plaintiffs still would not have properly exhausted their administrative remedies pursuant to the Federal Tort Claims Act, and the Court would still lack subject matter jurisdiction.

3.   As courts of limited jurisdiction, the federal courts
may only exercise jurisdiction over cases which the Constitution
and Congress expressly grant them power.  Kokkonen v. Guardian
Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Zambelli
Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir.
2010). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) must
be granted if the court lacks subject matter jurisdiction to
hear a claim. In re Schering Plough Corp. Intron/Temodar
Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). When a
defendant files a motion under Rule 12(b)(1), the plaintiff
bears the burden of establishing subject matter jurisdiction for
the sake of remaining in federal court. Gould Elec., Inc. v.
United States, 220 F.3d 169, 178 (3d Cir. 2000).

4.   As a general rule, the doctrine of sovereign immunity
protects the federal government from suit except in those cases
where it consents to be sued. United States v. Dalm, 494 U.S.
596, 608 (1990) (quoting United States v. Testan, 424 U.S. 392,
399 (1976)). "Without a waiver of sovereign immunity, a court is
without subject matter jurisdiction over claims against federal
agencies or officials in their official capacities." Treasurer
of N.J. v. U.S. Dep't of Treasury, 684 F.3d 382, 395 (3d Cir.
2012). Where the government takes the unusual step of waiving
immunity and consenting to suit, it is permitted to set whatever
terms and limitations on lawsuits it wishes. Dalm, 494 U.S. at

4

608; Treasurer of N.J., 684 F.3d at 396. Those limitations will be strictly construed in favor of the government. Pascale v. United States, 998 F.2d 186, 193 (3d Cir. 1993) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94 (1990)). As jurisdictional prerequisites to suit, those limitations cannot be waived to allow the federal courts jurisdiction to hear the case. White-Squire v. United States Postal Service, 592 F.3d 453, 457 (3d Cir. 2010).

5.   The Federal Tort Claims Act is one such waiver of immunity. The FTCA provides that a suit against the United States in the federal courts is the exclusive remedy for claims "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The FTCA sets procedural limitations on bringing suit, including principally the related requirements that potential plaintiffs present their claim for monetary damages in a sum certain in writing to the government agency within two years of the allegedly tortious act. See 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"); § 2675(a) ("An action shall not be instated upon a claim against the United States for

money damages for injury or loss of personal property or
personal injury or death caused by the negligent or wrongful act
or omission of any employee of the Government while acting
within the scope of his office or employment, unless the
claimant shall have first presented the claim to the appropriate
Federal agency and his claim shall have been finally denied by
the agency in writing"); § 2675(b) ("Action under this section
shall not be instituted for any sum in excess of the amount of
the claim presented to the federal agency"). Plaintiffs must
file a standard claim form, or SF-95, in order to obtain relief.
See Hedges v. United States, 404 F.3d 744, 745-46 (3d Cir.
2005).

6.   It is clear that the FTCA is Plaintiffs' only vehicle
for pursuing their claims against Hildebrandt, as the Government
has certified that she was acting in the scope of her employment
at the time of her allegedly tortious conduct in the course of
Ms. Bender's bankruptcy proceedings. [See Docket Item 1 at Ex.
2.] It is also clear that Plaintiffs have not met their burden
of showing that they complied with the FTCA's procedural
prerequisites to allow their claims against her to move forward,
thereby depriving this Court – and any other – of jurisdiction
to hear their case. Plaintiffs append to their briefs extensive
correspondence between Raymond Davidson, their "attorney-in-
fact," and various government officials discussing their

6

dissatisfaction with Hargrave's conduct during Ms. Bender's 2011 bankruptcy proceedings. But none of their letters and emails present the negligence, legal malpractice, and professional malpractice claims brought in the instant suit in writing to the Department of Justice, as required by the FTCA. (Def. Mot. to Dismiss [Docket Item 3] at 3.) Nor do these communications present a demand for damages in a sum certain. Plaintiffs concede as such in their supplemental submissions to the Court. (See Docket Item 14 at 2, Docket Item 16 at 6.)

   7.   Plaintiffs' attempt to cure these jurisdictional defects by attaching a completed SF-95 to their purported amended complaint [Docket Item 16 at Ex. 7] is futile because their presentation of these tort claims comes outside the two year window provided for by the statute. Ms. Bender's bankruptcy proceeding occurred in the summer and fall of 2011. In order to timely present their claims to the Department of Justice, Plaintiffs needed to raise these issues in 2013. It is now nearing the end of 2015. Because Plaintiffs have not complied with the prerequisites of the FTCA, this Court lacks subject matter jurisdiction to hear their claims against Hildebrandt and the Government. Additionally, as the FTCA prescribes exclusive jurisdiction to the federal courts, remand to the state courts is impossible. Accordingly, the Court will grant the

Government's motion to dismiss Plaintiffs' claims against
Hildebrandt for lack of subject matter jurisdiction.

8.   Hargrave, the other Defendant, filed a motion to
dismiss prior to the removal of this case, asserting that he is
immune from suit for acts done in his official capacity.
Hargrave raises in his letter brief immunity from suit in both
the federal and state courts as a bankruptcy trustee under the
Barton doctrine, Barton v. Barbour, 104 U.S. 126 (1881). In
Barton, the Supreme Court held that "before suit is brought
against a [bankruptcy] receiver, leave of the court by which he
was appointed must be obtained. Id. at 128. The Third Circuit,
applying Barton, recognizes that leave of the bankruptcy court
is required before a party can sue a bankruptcy trustee in
another court for acts done in the trustee's official capacity.
In re VistaCare Group, LLC, 678 F.3d 218, 224 (3d Cir. 2012).
Plaintiffs have neither sought nor obtained leave to do so.
[Docket Item 4 at 4, 6-9.]

9.   In practical terms, this means that only the United
States Bankruptcy Court for the District of New Jersey has
jurisdiction to adjudicate whether immunity exists for
Plaintiffs' claims against Hargrave for his allegedly tortious
conduct during Ms. Bender's bankruptcy proceedings. Therefore,
the Court will refer the remainder of this case to the United
States Bankruptcy Court for the District of New Jersey to

determine whether Plaintiffs can "make a prima facie case against the trustee in the bankruptcy court, showing that its claim is not without foundation." In re Day, No. 14-1908, 2014 WL 4271647, at *3 (D.N.J. Aug. 28, 2014) (citing In re VistaCare, 678 F.3d at 232). The Bankruptcy Court may determine whether the claims against Hargrave are barred by Barton and, if not barred, may grant leave to Plaintiffs to proceed in a court of competent jurisdiction over the merits of their claim.[2]

10.   An accompanying Order will be entered.


**November 25, 2015**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

---

[2] Beyond holding that the determination of Barton immunity lies within the jurisdiction of the Bankruptcy Court, this Court makes no determination whether the Bankruptcy Court is a court of competent jurisdiction to address the merits of Plaintiffs' claims. That issue is left for the Bankruptcy Court to determine in the first instance. Likewise, the Court makes no determination regarding the Plaintiffs' standing, capacity to bring suit, timeliness of suit, or any merits-related issue.