[Doc. No. 23]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROBBIN BENDER, et al. | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civ. No. 15-6936 (JBS/JS) |
| | : |
| JOHN W. HARGRAVE, et al. | : |
| | : |
| Defendants. | : |
| _____ | : |

**O R D E R**

This matter is before the Court on the "Motion to Appoint Pro Bono Counsel" ("motion") [Doc. No. 23] filed by pro se plaintiffs, Robbin Bender and Sandra Bender (collectively, "plaintiffs"). Defendants filed opposition to the motion. [Doc. No. 23]. The Court exercises its discretion to decide plaintiffs' motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, plaintiffs' motion is DENIED.

**Background**

Plaintiffs seek the appointment of counsel to represent them in this civil action arising out of Chapter 7 Bankruptcy proceedings filed in the United States Bankruptcy Court for the District of New Jersey in 2011 on behalf of Lydia J. Bender, plaintiffs' deceased sister. See Compl. [Doc. No. 1, Ex. 1]. Plaintiffs filed suit in the Superior Court of New Jersey, Camden

1

County, Law Division against Martha J. Hildebrandt, an employee of the U.S. Department of Justice at the office of the United States Trustee, and John W. Hargrave, a private attorney who was appointed as the Trustee of the Chapter 7 Bankruptcy estate of Lydia Bender. Id. Plaintiffs allege defendants committed "professional malpractice," "negligence" causing the death of Lydia Bender, and "legal malpractice." Id.

Because Hildebrandt was working within the scope of her employment at the time of the allegedly tortious conduct, the Government removed the case to the District of New Jersey pursuant to 28 U.S.C. § 2679(d)(2) and 28 U.S.C. § 1441(a). See Notice of Removal [Doc. No. 1].

On November 25, 2015 the Honorable Jerome B. Simandle dismissed plaintiffs' claims against Hildebrandt, finding that the Federal Tort Claims Act is the only vehicle by which plaintiffs could pursue their claims against Hildebrandt, and plaintiffs had not complied with the FTCA's procedural prerequisites. Judge Simandle's Nov. 25, 2015 Memorandum Opinion [Doc. No. 18] at 5-6. Judge Simandle determined that plaintiffs had completed the requisite SF-95 form pursuant to the FTCA, however, the form was out of time. Id. at 7. Judge Simandle noted that plaintiffs' claims arise out of bankruptcy proceedings occurring in 2011, and thus, plaintiffs should have presented their claims to the Department of Justice in 2013, but did not do so until 2015. Id. Accordingly,

2

Judge Simandle determined because plaintiffs' had not complied with the prerequisites of the FTCA, the Court lacked subject matter jurisdiction and the claims were dismissed as to Hildebrandt. Id. at 7-8.

As to defendant Hargrave, Judge Simandle determined the Barton doctrine, Barton v. Barbour, 104 U.S. 126 (1881), provided immunity from suit because Hargrave was acting as a bankruptcy trustee at the time the alleged torts occurred. Id. at 8. The Court noted that leave of the bankruptcy court is required before a party can sue a bankruptcy trustee in another court for acts carried out in the trustee's official capacity. Id. Accordingly, the remainder of the claims were referred to the United States Bankruptcy Court for the District of New Jersey. Id. at 8-9.

On December 23, 2015, plaintiffs filed an "Injunction Based on Judge Simandle's Order Dated November 25, 2015" [Doc. No. 20], which the Court construed as a motion for reconsideration of the dismissal. The Court determined that: 1) plaintiffs' motion was untimely, and 2) plaintiffs had not identified any grounds upon which reconsideration could be granted pursuant to L. Civ. R. 7.1(i). See Judge Simandle's January 14, 2016 Order [Doc. No. 22] at 4. Accordingly, the case was terminated on January 15, 2016.

Plaintiffs' filed this motion seeking the appointment of pro bono counsel one year and nine months after the case was terminated. Not only has this Court previously determined it lacks

3

subject matter jurisdiction over the underlying claims, but plaintiffs fail to articulate why pro bono counsel is needed to represent them at this time. The form plaintiffs filed seeking pro bono counsel is incomplete. See Mot. Specifically, the section asking plaintiffs to explain why a lawyer is needed was left blank. Id. For the reasons set forth below, plaintiffs' motion will be denied.

**Discussion**

Motions for the appointment of pro bono legal counsel are governed by 28 U.S.C. § 1915(e). This statute grants District Courts broad discretion to request counsel for indigent litigants; however, these appointments are not a statutory or constitutional right. Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); Speller v. Ciccero, C.A. No. 13-1258(KM), 2013 WL 1121377, *1 (D.N.J. Mar. 12, 2013).

Prior to analyzing the substance of the applicant's request for pro bono counsel, the Court must first determine whether the litigant's overarching claim has "some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If this threshold is satisfied, then the substance of the request for pro bono counsel should be reviewed under the following factors (hereinafter the Tabron/Parham factors):

    (1) the plaintiff's ability to present his or her own
    case;
    (2) the complexity of the legal issues;

> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-56, 157 n. 5).

Judge Simandle assessed the merits of plaintiffs' underlying claims in deciding defendants' motion to dismiss in January 2016. Judge Simandle found the Court lacked subject matter jurisdiction because plaintiffs had not timely presented their claims to the Department of Justice pursuant to the FTCA, and thus, plaintiffs could not maintain suit against Hildebrandt. The Court also determined it lacked subject matter jurisdiction as to defendant Hargrave and the remainder of the claims were returned to the bankruptcy court. Accordingly, the case was terminated on January 15, 2016.

In this motion, plaintiffs attach a letter from the Department of Justice indicating they presented their claims to the Department of Justice on October 29, 2015. However, as noted in Judge Simandle's November 25, 2015 Opinion granting defendants' motion to dismiss, plaintiffs' filing was out of time. Because plaintiffs claims arise out of bankruptcy proceedings in 2011, the claims should have been presented to the Department of Justice in 2013.

5

Nothing has changed in the almost two years since the case was dismissed that would give this Court subject matter jurisdiction over plaintiffs' underlying claims. Because plaintiffs' underlying claims lack merit, the Court need not address plaintiffs' motion for pro bono counsel under the Tabron/Parham factors.

**Conclusion**

    Accordingly, for all the foregoing reasons,

    IT IS hereby ORDERED this 26th day of April, 2018 that plaintiff's "Motion to Appoint Pro Bono Counsel" [Doc. No. 23] is DENIED.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge